## THE PEOPLE *vs.* E. WARNER.

In an indictment for *perjury* committed in the taking of an oath by an insolvent, on presenting his petition for a discharge, it is not, nor was it necessary, previous to the revised statutes, to set forth more than the substance of the oath.

Where the oath is set forth in the indictment to be *in substance and to the effect following, to wit,* &c. an exact recital is not necessary; and, accordingly, where the indefinite article *an* was substituted for the definite article *the,* the variance was held to be immaterial.

AT the New-York general sessions, holden in June last, the defendant was tried on an indictment for perjury in taking the oath required from insolvents on presenting their petitions, &c. for a discharge. In the indictment, it is stated that the defendant did falsely, &c. say, depose and swear, *in substance and to the effect following, to wit:* I, Elias Warner, do swear that, &c. (setting forth the oath as prescribed by the statute until the last clause, which was in these words:) "or settle with any of my creditors with a view to obtain the benefit of *an* act entitled an act to abolish imprisonment for debt in certain cases." On the trial, the district attorney produced in evidence the oath, which was in writing, taken by the defendant on presenting his petition to the officer to whom he applied for his discharge as an insolvent debtor. The oath thus produced varied from the oath set forth in the indictment, in its last clause, as follows: "or settled with any of my creditors with a view to obtain the benefit of *the* act entitled an act to abolish imprisonment for debt in certain cases;" the definite article *the* being used in the oath, and the indefinite article *an* being used in the indictment.

UTICA,
July, 1830.

The People
v.
Warner.

The counsel for the defendant insisted that the defendant was entitled to be acquitted on the ground of the variance, and prayed that the jury might be instructed accordingly. The court decided that the variance was not material, and refused to instruct the jury as requested. The defendant was convicted, but sentence was suspended to obtain the advice of this court on the question of variance, which was argued by

*H. M. Western,* for the defendant.

*S. P. Staples,* for the people.

*By the Court,* MARCY, J. If the public prosecutor was bound to set forth the oath with literal and perfect accuracy, the objection was well taken. Even if he has needlessly undertaken to state it *in hæc verba,* there are not wanting authorities which declare that a failure in the slightest degree—in half a letter, to use a hyperbolical expression of Lord Mansfield, will be fatal.

It was scarcely contended, on the argument, that it was absolutely necessary to set forth the oath in its exact words. The rule on this subject seems to be, that written instruments, where they form a part of the *gist* of the offence charged, must be set forth *verbatim.* In the case of forgery, the spurious instrument must be set forth in its very words and figures; *Archb. Crim. Pl.* 23; 1 *East,* 180; *Leach,* 721; but in perjury the rule is different. "It is not necessary," says Mr. Archbold, "to set forth the affidavit, answer, &c. on which the pejury is assigned, *verbatim;* for the statute of 23 *Geo.* 2d, only requires the substance of the offence to be charged." Our *revised laws of* 1813 contain a provision similar to the act of 23 *Geo.* 2d, and if it applies to this case, it was not necessary to state in the indictment more than the substance of the oath. If the *Revised Statutes* are applicable to this case, (and that they are is settled by this court in the case of *The People* v. *Phelps,* decided at the last term,) then no defect or imperfection in matter of form, which does not tend to the prejudice of the defendant, can be alleged against the indictment. 2 *R. S.* 728, § 52. Whether we

apply to this case the Revised Statutes or the law as it stood previous to the last revision, (and by one or the other it must be governed,) it is quite evident that there was no necessity of setting forth the oath taken by the defendant with absolute accuracy; yet, if the pleader has needlessly undertaken to do so, it may be, he should be holden to a strict performance.

The indictment alleges that the oath on which the perjury is assigned *is in substance and to the effect following, to wit,* &c. Whether it was intended in this case to set forth the oath *verbatim* depends upon the true definition of the word " *effect.*" The word " *tenor*" has a technical meaning and requires an exact copy; and the defendant's counsel infers that because " *effect*" is often used with it, a like meaning is to be put on that word. This inference does not strike me as conclusive or correct. Because *tenor* and *effect* require an exact copy, it is not to be inferred that *substance* and *effect* require as much. The ordinary meaning of the word " *effect,*" as well as judicial decisions thereon, refute the interpretation which the defendant's counsel has given to it. Where an instrument was alleged to be " *to the effect following,*" a literal copy was not required. *Archb. Crim. Pl.* 68. Even the words "in manner and form following" do not require a perfect copy. 1 *Doug.* 193. 1 *Leach,* 227. It is expressly said in *King* v. *Bear,* 2 *Salk.* 417, that the words *ad effectum sequentem* were loose and useless when joined to *juxta tenorem.* To my apprehension, the substance and effect of an instrument in writing cannot, either in common parlance or legal import, be understood to mean an exact copy of it. My conclusion is, that the law did not make it necessary, nor did the pleader attempt in this case to set forth the oath taken by the defendant literally, and that the variance between the oath produced in evidence and that set forth in the indictment is wholly immaterial. All apprehensions therefore that the defendant, if sentenced and punished on this indictment, would be exposed to a second prosecution for the same offence, appear to me to be wholly imaginary; but if this application on his part should prevail, any

further effort to bring him to punishment would probably be defeated by a plea of *auterfois acquit.*

I am of opinion that the court below decided correctly in adjudging the variance to be immaterial, and that the exception to the decisions of that court is not well taken. The general sessions are therefore advised to render judgment upon the conviction.