###### IN THE

# SUPREME COURT OF JUDICATURE

###### OF THE

## STATE OF NEW-YORK,

IN OCTOBER TERM, 1834—IN THE FIFTY-NINTH YEAR OF OUR INDEPENDENCE.

---

### THE PEOPLE vs. BENJAMIN RYNDERS.

Where a party is charged with *forging* or *counterfeiting* a *check on a bank* it is sufficient in the indictment to allege that he falsely made, forged and counterfeited a certain *check*, with intention to defraud, &c. setting forth the check in *hæc verba*, with the name of the drawer as appearing upon it; and it is not necessary to allege in the words of the statute—that it was *an instrument* or *writing* being, or *purporting to be the act of another*, by which a pecuniary demand or obligation is or purports to be created, &c. or by which rights or property are or purport to be transferred, &c. or in any manner affected; nor is it necessary to aver that by such forgery any person is affected, bound, or in any way injured in his person or property

It would be well in point of *form*, in such case, to charge in the indictment that the accused forged a certain instrument or writing, purporting to be the act of the party whose name is subscribed to it, by which a pecuniary demand or obligation is or purports to be created, and then to set forth the instrument or writing in *hæc verba*.

An indictment under the revised statutes is not vitiated by pursuing the forms under the old statute, in charging that the prisoner made, forged and counterfeited, *and* caused or procured to be falsely made, forged and counterfeited, *and* willingly acted and assisted in the false making, &c.; the latter charges being mere surplusage.

An indictment for *forging* a check on a bank in the name of A. B., is *not superseded* by an indictment subsequently found, charging the same party with *personating* A. B., and in such assumed character receiving a sum of

money, although the money be alleged to have been received from the same individual alleged in the first indictment to have been defrauded by means of the check, and the amount thereof corresponds with the sum received by means of the check.

Offences, although differing from each other and varying in the punishments authorized to be inflicted for their perpetration, may be included in the *same indictment*; and the accused tried upon the several charges at the *same time*, provided that the offences be of the same character, and differ only in degree—as for instance the *forging* of an instrument, and the *uttering and publishing* it, knowing it to be false.

RYNDERS was indicted at the *Cayuga* oyer and terminer for forgery. The indictment contained several counts: in the *three* first counts it was stated that Rynders, on the 23d November, 1833, at &c. feloniously did falsely make, forge and counterfeit, and did cause and procure to be falsely made, forged and counterfeited, and did willingly act and assist in the false making, forging and counterfeiting a certain check, which said false, forged and counterfeited check is as follows, that is to say: "Auburn, Nov. 23, 1833. Cashier Cayuga County Bank. Pay to Dis'ct or bearer, nine hundred eighty-two dollars 48 cents," (signed) "Graves & Merrick, I by Henry Allen," *with intent to defraud* the President, Directors and Company of the *Cayuga County Bank*, as alleged in the *first* count: *William T. Graves and Silas Merrick*, as alleged in the second count; and *Henry Allen*, as alleged in the third count. The *fourth* count charged the prisoner with *uttering and publishing* as true the same check, charged to be false, forged and counterfeited, with intent to defraud the bank; and the *fifth* count was like the fourth, except that it was alleged that the act was done with intent to defraud Graves & Merrick. The *sixth* count charged the prisoner with *uttering and publishing* as true, a false, forged and counterfeited check, setting forth a bank check in the usual form, dated 23d *November*, 1833, for $1000, signed *Graves & Merrick*, alleged to have been done with the intent to defraud the bank. The *seventh* count, was like the sixth, except that the act was alleged to have been done with the intent to defraud William T. Graves and Silas Merrick. The *eighth* count was like the *sixth*, except that the check set forth in the indictment purported to bear date "Auburn, November, 1833;" and the *ninth* count was like the

*seventh*, with the exception last mentioned. The prisoner pleaded not guilty. On the trial, the cause being opened by the district attorney, the counsel for the prisoner insisted that two distinct and different offences were charged in the indictment, and moved the court that the public prosecutor be directed to elect for which offence and upon which class of counts he would proceed to try the prisoner. The court refused to make such order, and the counsel excepted. The following facts appeared in evidence : on the 23d November, 1833, the prisoner went to the Cayuga County Bank, representing himself as the agent of William T. Graves and Silas Merrick, they doing business as partners under the name of *Graves & Merrick* and presented a note of $1000 for discount, and at the same time exhibited a check for $1000, with the names *Graves & Merrick*, subscribed to it, the day of the month in the date of the check being blank. The note, it seems, it was discounted, and the *cashier* filled the blank in the check with the figures " 23 ;" but the check then being for the whole amount of the note, including the discount, a *clerk* in the bank filled up a printed check for $982,48, (the amount of the note, deducting the discount,) writing every part of the check as described in the indictment, except the name *Henry Allen*, and the letter I, preceding it, and handed it to the prisoner ; who then wrote the name *Henry Allen*, and returned the check to the clerk and received the amount thereof. Messrs. *Graves* and *Merrick* testified that the signature *Graves & Merrick* was not affixed by either of them, and that they had not authorized any one to affix it. *Henry Allen*, a person in the employ of *Graves & Merrick* at the time of the transaction, testified that the name *Henry Allen*, to the check of $982,48, was not affixed by him or by his authority. The counsel for the prisoner objected to the evidence of the falsity of the signatures to the checks,on the ground that there were no averments in the indictment that one of the checks *purported* to be signed by *Graves & Merrick*, and the other by *Allen*, and that it was not alleged that such checks were *not* signed by them ; but the objection was overruled. The counsel for the prisoner also objected to the reading of the checks in evidence to the jury, because it was not averred in

the indictment that the checks were *in writing*, or *purported to be the act of another*, and because it was not averred that *any person was or might be affected, bound, or in any way injured, in his person or property* by the checks alleged to be forged, &c. ; all which objections were overruled by the court.

After the testimony was closed on the part of the prosecution, the counsel for the prisoner offered to prove, that on the day succeeding that on which the bill of indictment, on which the defendant was on trial, was found, *another indictment* was found against him *for the same matter*, although charged as a different offence ; that in such *second* indictment the defendant was charged with feloniously and falsely representing and personating one Henry Allen, and in such assumed character receiving from the Cayuga County Bank $982,48, which sum was intended to be delivered to the said Henry Allen, the individual so personated ; and the counsel insisted that such evidence ought to be received, as it would entitle the prisoner to have the indictment upon which he was then on trial quashed. The court rejected the evidence. The counsel for the prisoner then requested the court to charge the jury, that the forging of an instrument, when no person can be injured by it, it is not an offence ; and that if the jury believed that the money obtained by the prisoner from the bank was *his money,* then the making or uttering of the checks, although made or uttered in the names of other persons for the purpose of obtaining the money, did not constitute the offence of forgery. The court refused so to instruct the jury, and, on the contrary, charged them that if they were satisfied that the prisoner did forge the checks, or utter or publish the same, with an intent to defraud, knowing them to be forged, they would be warranted in finding the defendant guilty. The jury convicted the prisoner. The counsel for the prisoner having taken exceptions to the several decisions made against him, the proceedings were brought before this court by *certiorari.*

*W. T. Worden,* for the prisoner. The public prosecutor should have been compelled to elect for which offence and upon which class of counts he would try the prisoner : here distinct and different offences were charged, 8 Wendell, 203 ;

9 id. 193. The checks should not have been received in evidence ; there is no statute making it a crime to forge a *check*, and the rule is that the instrument forged must be called in the indictment by the term used by the legislature. It was not averred in the indictment that the checks were *in writing* or that they *purported to be the act of another*, or that by them any pecuniary *demand or obligation was created*, or purported to be created, &c. or that by such checks any person was affected, bound, or in any way injured, in his person or property. 2 R. S. 673, § 33 ; 675, § 45. 3 Chitty's Cr. L. 1041, 1043. 2 Russell on Crimes, 341, 337, 345. 2 East's Pl. of the Crown, 858. 3 id. 950. Without these averments, the indictment did not contain a certain description of the crime, nor a statement of the facts by which it was constituted. 1 Chitty's Cr. Law, ch. 5, p. 168, 169, 170. 5 T. R. 623. 6 Wendell, 438. 9 Cowen, 587. The setting forth the instrument in the indictment does not supply the want of proper averments. 2 East's P. C. 985. The revised statutes having altered the law as to forgery, the indictment for that offence must correspond with the statute, or it cannot be sustained. Evidence of facts to bring the case within the statute, when those facts were not averred in the indictment, was inadmissible, and ought not to have been received. The prisoner ought to have been permitted to show the finding of the second indictment, so that he might have had the benefit of the provisions of the statute ; the second indictment being for the same matter, although charged as a different offence, the first indictment was superseded by it and ought to have been quashed. 2 R. S. 726. The jury ought to have been instructed as was requested by the prisoner's counsel. 9 Cowen, 779 to 788. 3 Chitty's Cr. Law, 1039.

*B. Davis Noxon*, for the people.

*By the Court*, SAVAGE, Ch. J. I will consider the several exceptions in the order in which they are taken ; and *first*, was the district attorney compelled to elect which count he would proceed upon ? That there would be an incongruity in incorporating in the same indictment offences of a different

character, such for instance as forgery and perjury, cannot be denied, and that in such a case a court would refuse to hear a trial upon both, there can be no doubt ; but when offences of the same character, differing only in degree, are united in the same indictment, the prisoner may and ought to be tried on both charges at the same time. Such is this case. The prisoner was indicted for forging the check, and also for publishing it as true, knowing it to be false. These are different offences, and punished with different degrees of severity, but were properly united, both in the indictment and the trial. The prisoner might be convicted of one and not of the other. So also I might give instances of murder or manslaughter, of grand and petit larceny, and of assault and battery, and an assault with intent to murder, &c. ; in which cases no court would refuse to try the prisoner upon all the offences charged.

*Secondly.* It is objected, that the instrument does not state that the check *purported to be the act of another*, and that it was *in writing*, &c. The common form no doubt is to pursue the words of the statute, and therefore the present indictment contains unnecessary words. The words of the revised statutes are, "Every person who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit, " and then the different instruments are described, not by name, but by a general description. The present indictment follows the form upon the old statute, which followed the English statutes, and hence the English forms were appropriate. The indictment charges, that the defendant falsely made, forged and counterfeited, *and* did cause or procure to be falsely made, forged and counterfeited, *and* did willingly act and assist in the false making, forging and counterfeiting a certain check. The present statute says nothing about causing the instrument to be forged, or acting and assisting in such forging ; and no doubt because included in the more general terms, and therefore no others are used. This phraseology in the indictment does no harm ; it is mere surplusage. The former statute specified by name the different instruments, such as bond, bill of exchange, promissory note, &c. The present statute does not specify in that manner, but gives a general description, as an instrument or writing, being, or purporting to be the act of another &c.

When, in the present indictment, the pleader says, that the defendant feloniously did falsely make, forge and counterfeit a certain check, and sets it out in *hæc verba*, he shows that the defendant has forged an *instrument* or *writing* ; for the writing is implied in the term check. There is no such thing as a verbal check ; it is a solecism. It is shown then that the forgery was of an instrument in writing ; and also that it was, or purported to be, the act of another ; to wit, the act of Graves & Merrick, by Henry Allen. It is shown, also, that it was an instrument by which a pecuniary demand purported to be created, by which rights or property were affected. This is precisely such an instrument as the legislature have said it shall be forgery in the third decree to counterfeit. The indictment, therefore, contains every thing which is nescessary to a due administration of the law, unless it is to be presumed that the court and jury do not know, without being specially informed, that a check is an instrument in writing, and coming within the statute without a special averment. But it is said that the English adjudications require this particularity, and they undoubtedly do so, when it is intended to oust the defendant of the privilege of clergy ; but where there is no such object, it is sufficient to aver that the defendant forged a certain writing, describing it truly, and setting forth its tenor. 3 Chit. Cr. Law, 1040, 1041. It seems more proper, Mr. Chitty says, to lay it as a certain paper writing, purporting, to be the instrument which the statute describes since the essence of the charge is, that it is a fiction. The present indictment would have been more formal, and in conformity with precedents, if it had charged the defendant with forging a certain paper writing, purporting to be an instrument in writing, and the act of Graves & Merrick, or of Henry Allen, by which a pecuniary demand purported to be created, the tenor of which is as follows, and then set it out as was done in this case ; but it seems to me that enough is stated to show the court the precise nature of the offence with which the defendant is charged. And when to this consideration we apply the directions of the legislature, 2 R. S. 728, § 32, that no indictment shall be deemed invalid nor shall the trial, judgment or other proceeding thereon be affected, by reason of any defect or imperfection in

matters of form, which shall not tend to the prejudice of the defendant, we cannot hesitate to pronounce the indictment good. It cannot be pretended that the defendant was prejudiced on the trial by the omission complained of. The court were therefore right in overruling the objection.

*Thirdly.* The defendant offered to show that there was another indictment subsequently found for the same offence; which second indictment was for personating Henry Allen, and receiving from the bank $982,48. The provision of the revised statutes, under which this proof was offered, is as follows : " If there be at any time pending against the same defendant two indictments for the same offence, or two indictments for the same matter, although charged as different offences, the indictment first found shall be deemed to be superseded by such second indictment, and shall be quashed." The answer to this objection is, that the offences charged are entirely distinct, and I see no reason why the defendant might not be punished for both. The one is for forgery ; that offence was completed by the act of signing another person's name, with intent to defraud any one, whether the bank, or Allen, or any other. The act of personating *Allen* was not necessarily connected with the forgery ; nor can the *personating* of Allen and the forging the check be considered the same offence, or the same matter.

The charge of the circuit judge was correct and he properly refused to instruct the jury as the prisoner's counsel requested. There was no foundation laid in the testimony for such a charge as was requested. There was no evidence that the prisoner was owner of the money. He might have proved it, if such was the fact ; on the contrary the facts all tend to disprove such ownership.

The oyer and terminer are therefore advised to proceed to pronounce sentence upon the prisoner.