# THE PEOPLE vs. CHARLES.

Publishing in this state an account of a lottery to be drawn in another state or country is indictable under the statute, (1 *R. S.* 665, § 28,) though the lottery be lawful in the place where it is drawn.

If it appear by the advertisement set forth in *hæc verba* that the lottery was made for the purpose of disposing of money or property, the indictment will be sufficient, although the object of the lottery is not otherwise averred.

Error to the New-York general sessions. The defendant was indicted for a violation of the twenty-eighth section of the article of the revised statutes concerning *raffling and lotteries.* The indictment charged that the defendant on, &c. at the first ward of the city of New-York, with force and arms, &c. "did in a certain newspaper called 'The Wall-street Reporter,' print and publish an account of a certain illegal lottery, stating when the same was to be drawn, and where tickets were to be had, together with the prizes therein, which said account so printed and published by the said defendant is as follows, that is to say." An advertisement respecting the "Union Lottery" was then set out, which stated that it was to be decided by the numbers drawn from the wheel of the Alexandria lottery, class No. 3, to be drawn at Alexandria, D. C. The *scheme* was then set forth, containing a statement of the several prizes and the amount in dollars of each, and the manner of determining what tickets should be entitled to prizes, and concluded with the information that orders should be addressed to C. McIntyre & Co. 35 Wall-street, New-York,—against the form of the statute, &c.

The defendant appeared in person and demurred to the indictment, and the district attorney joined in demurrer. The court below gave judgment for the people.

*C. C. Egan,* for the defendant, said that the twenty-seventh section (1 *R. S.* 665,) provided that no person unauthorized by special laws should, "within this state," open or set on foot any lottery, game or device of chance, and declares that the parties offending shall be guilty of a misdemeanor. The twenty-eighth

The People *v.* Charles.

section, which immediately follows, and under which this indictment was found, makes it a misdemeanor to publish an account of any *such* illegal lottery. Hence (he contended) it was no offence to publish an account of a lottery to be drawn out of this state. The provision only applies to lotteries within this state.

*J. McKeon,* (district attorney,) for the people, insisted that the terms " such illegal lottery," in the twenty-eighth section, meant simply a lottery unauthorized by the laws of this state. He cited *The People* v. *Sturdevant,* (23 *Wend.* 418.)

PER CURIAM. This case cannot be distinguished from that which has been referred to. Since the expiration of the laws authorizing lotteries, they are " unlawful and common and public nuisances," so far as there may be attempts to carry them on in this state. (1 *R. S.* 665, § 26.) Conceding, therefore, that this lottery was to have been drawn in the district of Columbia, and that it may have been authorized by the laws by which that district is governed, its tickets cannot legally be sold or be advertised for sale in this state.

There is a formal defect in this indictment in the omission to allege that the lottery was one " for the purpose of exposing, setting to sale, or disposing of" property or money, according to the description contained in the twenty-seventh section ; but the publication is set forth, and from that it appears that the prizes consisted in sums of money. Upon the ground, therefore, that argumentative pleading in an indictment will not vitiate, which was settled in *The People* v. *Rynders,* (12 *Wend.* 425,) the judgment of the court below was correct.

Judgment affirmed.