TüRley J.
delivered the opinion of the court.
At the June term, 1847, of the circuit court of Coffee county, a bill of indictment was preferred against Amos E. Hampton, the prisoner, charging him in the first count with the of-fence of having stolen a brown gelding, the property of Asa E. Elkins, of the value of forty dollars; and in the second count, with having fraudulently and feloniously bought one other brown gelding, of the value of forty dollars, the property of the said Asa E. Elkins, from one William Kilpatrick, he then and there well knowing that the said William Kilpatrick had unlawfully stolen said gelding from the said AsaE. Elkins.
The prisoner upon his arraignment moved the court to quash the indictment, which was refused; he then moved the court to compel the attorney general to elect upon which count of the bill of indictment he would put the prisoner upon his trial, which was likewise refused- Whereupon .he pleaded not guilty, generally, and went to tidal, and was convicted by the *71 jury upon the first count, and sentenced to confinement in the state penitentiary for the space of four years. Whereupon he appeals to this court, and assigns for error, the refusal of the circuit judge to quash the bill of indictment, or compel the attorney general to elect upon which count he would put him upon trial.
This constitutes no error, as was decided in the case of Wright vs. The State, 4 Humph. 194, in which the court says: “There is no objection to the insertion of several distinct felonies of the same degree in one bill of indictment, but the court will in its discretion, upon application, either quash the bill of indictment in such case, or compel the attorney general to elect upon which count he will proceed, but that such joinder constitutes no ground of demurrer or arrest of judgment, and of course cannot be assigned as error in a revising coui't.” In the case of The People vs. Rynders, 12 Wend., 425, chief justice Savage says: “That there would be an incongruity in incorporating in the same indictment offences of a different character, such for instance as for forgery and perjury, it cannot be denied, and that in such a case' a court would refuse to hear a trial upon both, there can be no doubt; but when of-fences of the same character, differing only in degree, are united in the same indictment, the prisoner may and ought to be tried upon both charges at the same time. Such is this case. The prisoner is indicted for forging the check, and also for publishing it as true, knowing it to be false. These are different offences, and punished with different degrees of .severity, but were properly united, both in the indictment and trial.”
That case and this one are idem. The offences of stealing and receiving stolen goods are different offences, and punished by different degrees of severity, but they differ only in degree, and belong to the same class of crimes, and may be well united, and often must be, if justice is to be administered, for it may be doubtful whether the proof will sustain the charge *72 of larceny, or only the more mitigated offence of receiving stolen goods, knowing them to be stolen, and the indictment must therefore be found so as to meet either charge, and such is the cqmmon practice. Let the judgment be affirmed.