Charles *agt*. The People.

---

CHARLES, impleaded, &c., plaintiff in error, *agt*. THE PEOPLE, defendants in error.

### Questions discussed.

1. Whether advertising in this state a lottery and the sale of lottery tickets, to be drawn in another state, and authorized in the latter state, are within the prohibitions of our constitution and statute, (1 *R. S.* 665,) which forbids the formation of any lottery within this state?

2. Whether it is necessary to aver, expressly, in an indictment that the lottery *is not authorized by law?*

3. Whether an indictment is defective in not averring for what purpose the lottery in question is set on foot, where it sets forth in *extenso* the advertisement, by which it is apparent that the prizes consist of money?

The indictment is this case was as follows:—

" City and County of New-York, *ss.*—The jurors of the people of the state of New-York, in and for the body of the city and county of New-York, upon their oath, present—that Charles McIntyre, late of the first ward of the city of New-York, in the county of New-York aforesaid, laborer, and Edmund Charles, late of the same place, also laborer, on the sixth day of January, in the year of our Lord one thousand eight hundred and forty-six, at the ward, city and county aforesaid, with force and arms, did in a certain newspapaper, called the Wall Street Reporter, print and publish an account of a certain illegal lottery, stating when the same was to be drawn, and where tickets were to be had, with the prizes, which said account, so printed and published by the said Charles McIntyre and Edmund Charles, is as follows:

" That is to say, $50,000, $15,000, $6,000; ten prizes of $2,000 each, and ten prizes of $1,000, Union Lottery, Class 3, 1846, decided by the numbers drawn from the wheel of the Alexandria Lottery, Class 3, to be drawn at Alexandria, (D. C.,) Jan. 17, 1846.  78 numbers, 14 drawn ballots.  Grand scheme—

| | | | | |
|---|---|---|---|---|
| 1 | prize of | $50,000 | is | $50,000 |
| 1 | " " | 15,000 | " | 15,000 |
| 1 | " " | 6,000 | " | 6,000 |
| 1 | " " | 2,410 | " | 2,410 |
| 10 | prizes of | 2,000 | are | 20,000 |
| 10 | " " | 1,500 | " | 15,000 |
| 10 | " " | 1,200 | " | 12,000 |
| 10 | " " | 1,000 | " | 10,000 |
| 10 | " " | 500 | " | 5,000 |
| 10 | " " | 300 | " | 3,000 |
| 300 | " " | 150 | " | 45,000 |
| 64 | " " | 100 | " | 6,400 |
| 64 | " " | 80 | " | 5,120 |
| 64 | " " | 60 | " | 3,840 |
| 64 | " " | 40 | " | 2,560 |
| 64 | " " | 30 | " | 1,920 |
| 5,504 | " " | 20 | " | 110,080 |
| 28,224 | " " | 10 | " | 282,240 |

34,412 prizes, amounting to $595,570. Whole tickets, $10; halves, $5. To determine the fate of these prizes and blanks, 78 numbers, from 1 to 78 inclusive, will be severally placed in a wheel on the day of the drawing, and 14 of them will be drawn out at random: and that ticket having on it as a combination, the 1st, 2nd and 3rd drawn numbers, will be entitled to the capital prize of $50,000. That ticket having on it the 7th, 8th and 9th drawn numbers, to $5,000. The ticket having on it the 10th, 11th and 12th drawn numbers, to $2,410. Those ten tickets having on them the 12th, 13th and 14th; 2nd, 3rd and 4th; 3rd, 4th, 5th; 5th, 6th, 7th; 6th, 7th, 8th; 8th, 9th, 10th; 9th, 10th, 11th; 11th, 12th, 13th; 1st, 2nd, 4th; 1st, 2nd, 5th, each $2,000. Those tickets having on them the 1st, 2nd, 6th; 1st, 2nd, 7th; 1st, 2nd, 8th; 1st, 2nd, 9th; 1st, 2nd, 10th; 1st, 2nd, 11th; 1st, 2nd, 12th; 1st, 2nd, 13th; 1st, 2nd, 14th; 1st, 3rd, 4th, each $1,500. Those ten tickets having on them the 1st, 3rd, 5th; 1st, 3rd, 6th; 1st, 3rd, 7th; 1st, 3rd, 8th; 1st, 3rd, 9th; 1st, 3rd, 10th; 1st, 3rd, 11th; 1st, 3rd, 12th; 1st, 3rd, 13th; 1st, 3rd, 14th, each $1,200. Those ten tickets having on them the 1st, 4th, 5th; 1st, 4th, 6th; 1st, 4th, 7th; 1st, 4th, 8th; 1st, 4th, 9th; 1st, 4th, 10th; 1st, 4th, 11th; 1st, 4th, 12th; 1st, 4th, 13th; 1st, 4th, 14th; each $1,000. Those ten tickets having on them the 1st, 5th, 6th; 1st, 5th, 7th; 1st, 5th, 8th; 1st, 5th, 9th; 1st, 5th, 10th; 1st, 5th, 11th; 1st, 5th, 12th; 1st, 5th, 13th; 1st, 5th, 14th; 1st, 6th, 7th, each $500. Those ten tickets having on them the 1st, 6th, 8th; 1st, 6th, 9th; 1st, 6th, 10th; 1st, 6th, 11th; 1st, 6th, 12th; 1st, 6th, 13th; 1st, 6th, 14th; 1st, 7th, 8th; 1st, 7th, 9th; 1st, 7th, 10th, each $300. All others with three of the drawn numbers on, (being three hundred,) each $150. Those sixty-four tickets having on them the 1st and 2nd drawn numbers, each $100. Those sixty-four tickets having on them the 3rd and 4th drawn numbers, each $80. Those sixty-four tickets having on them the 5th and 6th drawn numbers, each $60. Those sixty-four tickets having on them the 7th and 8th drawn numbers, each $40. Those sixty-four tickets having on them the 9th and 10th drawn numbers, each $30. All others

(being 5,504) with any two of the drawn numbers, each $20. All others (being 28,224) with one only of the drawn numbers, each $10. Certificates of 26 wholes will be sent for $110; do. 26 halves, $55; do. 26 quarters, $28; do. 26 eigths, $14. Address all orders to Charles McIntyre & Co., 35 Wall-street, New-York. Against the form of the statute in such cases made and provided, and against the peace of the people of the state of New-York, and their dignity."

To this indictment Edmund Charles put in a general demurrer. The court of general sessions rendered judgment against the defendant, Charles, on the demurrer, who brought a writ of error and removed the judgment to the supreme court, where the judgment was affirmed, and the following opinion delivered:

By the court. BRONSON, Justice. This case cannot be distinguished from that which has been referred to. Since the expiration of the laws authorizing lotteries, they are "unlawful and common public nuisances," so far as there may be attempts to carry them on in this state. (1 *R. S.* 665, § 26.) Conceding, therefore, that this lottery was to have been drawn in the district of Columbia, and that it may have been authorized by the laws by which that district is governed, its tickets cannot legally be sold or advertised for sale in this state. There is a formal defect in this indictment, in the omission to allege that the lottery was one "for the purpose of exposing, setting to sale, or disposing of," property or money according to the description contained in the seventy-seventh section.

But the publication is set forth, and from that it appears that the prizes consisted in sums of money. Upon the ground, therefore, that argumentative pleading in an indictment will not vitiate, (which was settled in *The People* v. *Rynders,* 12 *Wend.* 424,) the judgment of the court below was correct.

Judgment affirmed."

Charles brought a writ of error and removed the judgment to this court.

*Charles C. Egan & John M. Platt, Attorneys, and*
*Charles C. Egan, Counsel,* for plaintiff in error.

Charles *agt.* The People.

*First.* The facts charged in the indictment do not constitute any offence against the laws of the state of New-York.

*Second.* The Revised Statutes, 2nd edition, p. 669, part I, chap. 20, art. 4, sec. 27, forbids the opening, setting on foot, drawing, &c., of any lottery "*within this state,*" &c.

The 28th section prohibits the publication of notice of "*any such lottery.*"

The lottery in this case is to be drawn in the district of Columbia, and the prohibition against publishing does not apply.

The 36th section forbids giving notice of "*insurance*" of tickets, &c.

There is no other section that relates to the giving of notice.

*Third.* In the case of *The People* v. *Sturtevant,* in 23*rd Wendell,* the defendant was charged with "*selling*" tickets—not with "*giving notice.*"

☞ Is not authority in this court.

*Fourth.* The indictment is defective in not averring for what purpose the lottery in question was set on foot, &c.

The statute requires that the lottery shall be "for the purpose of exposing, setting to sale, or disposing of, any houses, lands, tenements, or real estate, or any money, goods, or things in action."

☞ 3 *Denio,* 88, 101; 7 *J. R.* 434, lottery case; 5 *J. R.* 327; 2 *W. Blackstone,* 1093, insurance of lottery tickets not criminal; 7 *T. R.* 535. Answer—Are no special insurances in criminal cases. 9 *Cow.* 578.

*John McKeon, District Attorney and Counsel* for defendants in error.

*First.* The 27th, 28th and 29th sections of the statute apply to this indictment. (1 *Revised Statutes, 2nd ed., p.* 669.)

*Second.* All lotteries are forbidden by our constitution, and are nuisances and illegal by statute. Grand juries are to be charged in relation to them. (1 *Revised Statutes,* 669, *sec.* 26; 671, *sec.* 41.)

*Third.* Advertising a lottery and the sale of lottery tickets

Charles *agt.* The People.

are within the 27th section of the revised statutes, which forbids the *formation* of any lottery within this state. The section does *not* declare that the lottery shall be *drawn within this state.* The language of the statute is, that no person within this state shall open, set on foot, carry on, *promote* or draw, &c. (1 *Revised Statutes,* 669, *sec.* 29.)

*Fourth.* It does not appear on the face of the indictment that the lottery was to be drawn in *Alexandria,* in the district of Columbia. On the contrary, the advertisement set forth in the indictment was for the sale of tickets in the *Union Lottery,* to be decided by the drawing of the Alexandria Lottery. (*Page 5 of Record.*)

*Fifth.* Previous to the constitution of 1821 it was settled that a lottery instituted by the laws of another state is within the act to prevent private lotteries. (*Hunt* v. *Knickerbocker,* 5 *Johnson R.* 327.)

Insurance of tickets in a lottery, established by law of this state, having been declared illegal, the insurance of tickets in a foreign lottery was held illegal; such insurance being contrary to the policy indicated by the former act. (*Mount & Wardell* v. *Waite,* 7 *Johnson R.* 434.)

*Sixth.* From reasons in the cases referred to, it is clear that the provisions of the revised statutes under which the indictment has been framed, extend to all cases, whether the lottery advertised is athorized by the laws of this state or not. The offence is clearly against the policy of the law.

*Seventh.* The case of The People v. Sturtevant clearly sustains this indictment; *all* lotteries being now illegal, it is unnecessary to aver that the lottery was not *expressly authorized by law.* (*People* v. *Sturtevant,* 23 *Wend.* 418; 3 *Denio,* 95; 5 *Pick.* 41, 42; 6 *N. H.* 53.)

*Eighth.* The indictment sets forth *in extenso* the advertisement, and from the indictment it is apparent that the prizes consisted of sums of money. Argumentative pleading will not vitiate. (*People* v. *Rynders,* 12 *Wendell,* 425; 5-*Hill's Rep.* 249; 2 *R. S.* 609; *Barbour,* 279; 5 *Wend.* 271.)

DECISION.—Judgment affirmed, unanimously.

NOTE.—*Held,* that the words "such illegal lottery" in the 28th section of the statute (1 *R. S.* 665) relate not solely to the particular kind described in the 27th section, but to *all lotteries;* as all are by the 26th section declared to be "unlawful and common and public nuisances." (*See People* v. *Sturtevant,* 23 *Wend.* 418.)

Consequently, in an indictment for such an offence, drawn under § 28, a general averment of publication is sufficient.

But it was not necessary to directly and expressly allege in the indictment that the lottery, of which the defendant published an account, was opened or set on foot for the purpose of disposing of money or other property, as that fact appeared from the advertisement set out in the indictment; and according to the decision in *The People* v. *Rynders* (12 *Wend.* 425) was good pleading in criminal cases.

*Reported,* 1 *Comstock,* 180.