### THE PEOPLE *vs.* BALL.

The statement of the day of the month, in an indictment for committing an offense on Sunday, though the doing of the act on that day is the gist of the offense, is not more material than in other cases.

Accordingly *held* that an averment, in an indictment for violating the 22d section of the excise law, which forbids the sale of intoxicating liquor by licensed innkeepers on Sunday, that the defendant, " on the 13th day of October, in the year and at the place last aforesaid, which said day was the day of the week called and known as Sunday, did sell," &c. was sufficient, although it appeared, on the trial, that the 13th day of October was not Sunday, but Monday. DAVIS, P. J. dissented.

CERTIORARI to the court of sessions in Orleans county, to remove a conviction of the defendant under the excise law.

*J. G. Sawyer,* (district attorney,) for the people.

*Tucker & Holmes,* for the defendant.

DANIELS, J.   The defendant in this case was convicted by the court of sessions in Orleans county, of violating the 22d section of the excise law, which forbids the sale of intoxicating liquor on Sunday by licensed innkeepers. (2 *R. S.* 5th ed. 944.)   And the conviction has been brought into this court by certiorari.   The indictment contains three counts, charging the violation of this section of the statute on different days of different months, but each offense is stated substantially in the same language.   In the first count it is averred that " said Horatio Ball, being so licensed as aforesaid, on the 13th day of October, in the year and at the place last aforesaid, which said day was the day of the week called and known as Sunday, did sell to divers citizens," &c.

By this averment the defendant is argumentatively charged with selling liquor on Sunday.   It alleges that he sold on the 13th day of October, and that the 13th was Sunday, and consequently that he had sold liquor on Sunday.

Although inartistic, the courts of this state have held that an argumentative allegation of the offense, in an indictment, is sufficient. A statement of the offense in that manner does not tend to prejudice the defendant; and where that is the case, the statute declares that the indictment shall not be deemed invalid. (3 *R. S. 5th ed.* 1019, 1020, § 54. *The People* v. *Rynders*, 12 *Wend.* 425. *The People* v. *Charles*, 3 *Denio*, 212. *S. C.* 1 *N. Y. Rep.* 184, 185.)

But it appeared upon the trial, and such is the fact, that the 13th day of October, 1862, which is the day of the month when the sale is alleged to have taken place, was not Sunday, but Monday. And the defendant claims that as the statute only declares it an offense for licensed innkeepers to sell on Sunday, the day of the month becomes material in these cases, and must be truly stated. The general rule undoubtedly is, that the time and place of every material fact, issuable and triable, must be plainly and consistently alleged. But although the allegation of a specific time is important, it is in no case necessary to prove the precise day, or even year, laid in the indictment, except where the time enters into the nature of the offense — as in burglary, where it is essential to constitute the offense, in the first degree, that it should be committed in the night time. But even there, it is not necessary to prove the precise day alleged, on the night of which the offense is claimed to have been committed. (*Barbour's Crim. Law*, 330, 331. *Roscoe's Crim. Ev.* 109, 110.)

It was not an essential element in the offense charged, that it should have been committed on the 13th day of the month mentioned, or on any other day of that month. The time was not material, provided the day when the sale was made, which was the subject of the complaint, was Sunday. The statement of the day of the month, in an indictment for committing an offense on Sunday, though the doing of the act on that day is the gist of the offense, is not more mate-

rial than in other cases. (*Wharton's Crim. Law, 4th ed.* § 263.)

This precise question was before the supreme court of the state of Tennessee, under a similar statute, in the case of *The State* v. *Eskridge,* (1 *Swan's R.* 413.) At page 416 the court says : "It is said the indictment charges that the sale was made on the 3d day of December, 1850, and that said 3d day of December was not Sunday. The day of the month is immaterial. The gist of the offense is that the spirituous liquor was sold on Sunday ; and whether the day of the month is correctly stated is no more important in this than in other offenses."

The conviction should be affirmed, and the case remanded to the court of sessions of Orleans county for judgment.

GROVER, J. and MARVIN, J. concurred.

DAVIS, P. J. dissented.

Conviction affirmed.

[ERIE GENERAL TERM, May 2, 1864. *Davis, Grover, Marvin* and *Daniels,* Justices.]