ShaCKELEORD J.,
delivered the opinion of the Court.
The plaintiff in error, was indicted in the Circuit Court of Giles County, for horse stealing. The indictment contains two counts; the first for stealing a horse. The second count is, that he did feloniously and fraudulently, buy, receive, conceal, or aid in concealing, a horse, knowing him to have been stolen, etc., etc.
The indictment was signed by Austin Hickey, Attorney-General pro tem., — indorsed: “a True Bill. Lewis B. Marks, Foreman of the grand jury.” The witness, John Shaddon, sworn before the grand jury by the foreman. At the April Term, 1867, the following entry appears of record: “Austin Hickey presented himself in Court and was sworn in as Attorney-General -pro tem., and entered upon his duties as such.” At the April Term, 1867, the plaintiff in error moved the Court to quash the second count in the indictment, which motion was continued. At the August Term, 1867, as appears from the record, Jason Bullock prosecuted the pleas of the State as Attorney-General pro tem. The plain-' tiff in error was arraigned and tried at the August Term, 1867, by a jury who found a general verdict of guilty, and fixed the period of his confinement in the *28 penitentiary at ten years. He moved for a new trial, and in arrest of judgment, wbieb motions were severally overruled; from wbieb be bas appealed in error, to to this Court.
Various errors bave been assigned in argument:
First, It is insisted that tbe joinder of two counts, charging distinct felonies of different grades and punishments, cannot be maintained under a general verdict of guilty. To be maintained, they must be of tbe same nature, and admit of tbe same plea and judgment. Tbe offenses charged, are punished according to the terms of tbe statute. They are liable to bave distinct, separate and different punishments, and not same judgments. The offense charged in tbe first count, may be punished capitally. Tbe second count, is punished by confinement in tbe penitentiary. We think this assignment of error, cannot be sustained. Tbe offense of stealing a horse, and of stealing, and receiving stolen goods, are different offenses, and punished by different degrees of severity; but they differ only in degree, and belong to tbe same class of crimes, and may be united: 8 Hum., 71. By the Act of May, 1865, tbe crime of horse stealing may be capital, but that does not change the rule of law. This principle was settled in the case of The People vs. Rynders: 12 Wend., 425; and is cited approvingly by this Court, in tbe case referred to, in 8 Hum., 71; in which it is said, there would be an incongruity in incorporating in the same indictment, offenses of a different character. Such, for instance, as for forgery and perjury. It cannot be denied, that, in such a case, a Court would *29 refuse to bear a trial upon both. There can be no doubt but when offenses of the same character, differing only in degree, are united in the same indictment, the prisoner may, and ought to be, tried on both charges at the same time. Mr. Chitty, in his work on Criminal Law, vol. 1, p. 235, says: “In cases of felonies, no more than one distinct offense, or criminal transaction, at one time, should regularly be charged upon the prisoner in one indictment; because if it should be shown to the Court before plea, they will quash the indictment lest it should confound the prisoner in his defense, or prejudice him in his challenges to the jury; and if they do not discover it until afterwards, they may compel the prosecutor to elect on which charge he will proceed.” But this is only a matter of prudence and discretion, which rests with the Judge to exercise; for, in point of law, there is no objection to the insertion of several distinct felonies of the same degree, though committed at different times, in the same indictment, against same offender; and it is no ground of demurrer, or arrest of judgment: 4 Hum., 190, and authorities cited. The rule is, after a general verdict of guilty, it is no objection to an indictment on motion in arrest of judgment, that offenses of different grades, and requiring different punishments, are charged in the different counts. If any one or more of the counts are sufficient, the Court will render judgment upon such counts: Wharton’s Crim. Law, 150, and 17 Vermont, 658.
Second, No action was taken by the Court, on the motion to quash the second count in the indictment. *30 It is insisted' this is error; that tbe plaintiff in error was entitled to a judgment on the motion before any action was taken against him. We do not think so. When parties go to trial upon other issues, without invoking the action of the Court upon demurrers or other defenses, it must be regarded as a waiver, and no ground for a reversal: 2 Sneed, 285-6.
The record shows the prosecutor, John Shadden, was sworn by the foreman of the grand jury, James 33. Marks, as a witness. It is insisted this is error; that the Clerk of the Court is alone authorized to administer oaths to the witnesses to testify before the grand jury, excepting cases specially provided by law; and that this class of felony does not fall within the exceptions embraced by section 5087, of the Code. By that sec tion, the grand jury shall send for witnesses whenever they, or any of them, suspect a violation of laws against gaming, taking tolls at turnpike gates open according to law, illegal voting, disturbance of public worship, and injuries to public buildings. By section 5090, the Clerk shall issue subpoenas for any witness the grand jury may require to give evidence before them. By section 5091, the process for witnesses sent by the grand jury, shall be directed to the Sheriff, or other lawful officer; may be executed and returned, etc. Section 5092, provides, witnesses thus summoned, may be sworn by the Clerk or foreman of the grand jury, who shall indorse the fact on the subpoena, and sign his name to such indorsement, officially; Taking these several sections of the Code together, it is clear the Legislature intended to restrict the power of the fore *31 man of the grand jury, to administer oaths to witnesses to testify before them, to the offenses specified in section 5087. If they suspect a violation of the laws specified in said section, the foreman has a right to have witnesses subpoened, and to administer the oath. The previous sections have reference to the mode of obtaining the process for, and compelling the attendance of, winesses in such cases. Section 5092, empowers the foreman of the grand jury to swear the witnesses in such cases, evidently referring to the offenses embraced in section 5087.
We have been unable to find any provisions in the Code authorizing the foreman of the grand jury to swear witnesses upon indictments for felony. An indictment must always be preferred to the grand jury by the Attorney-General. When he has prepared the indictment, he brings it into Court, with the prosecutor’s name indorsed, (Wharton’s Crim. Law, 230,) and also the names of the witnesses. The witnesses are then sworn by the Cleric. The officer of the grand jury then takes the indictment and witnesses before them, to be examined in regard to the charge; they can hear no evidence but that which the Attorney-General adduces: Hist, of a Law Suit, sec. 809; Wharton’s Crim. Law, 232. The Clerk of the Court, during the session of the Court, in relation to the business of the Court, in administering oaths, is to be considered as acting in open Court. In such cases, the oath does-not derive its sanction and validity from the circumstance merely because it was administered by the Clerk, but from the fact it was duly administered in open Court, *32 with the approval, and under the control, of the Judge presiding: 1 Swan, 157. The Judges, Clerks of Courts, and Justices of the Peace, are authorized to administer oaths; but where the power is delegated to others, it is specially provided for, as in section 5092.
The foreman of the grand jury having no right to administer an oath to a witness to testify before them, except in the cases embraced in section 5087, and this case not falling within the provisions of that section, an indictment founded upon the oath of a witness not sworn in open Court, to testify before a grand jury, is void. We think it dangerous to extend the rule beyond the plain provisions of the statute. The liberty of the citizen should be sedulously guarded, and any departure from the long and established practice, is fraught with danger. We think the error assigned is well taken. The witnesses having been sworn by the foreman of the grand jury, and the fact appearing in the records, the judgment must be arrested. Other errors have been assigned, but in the view we have taken, it is unnecessary to express any opinion upon them.
The prisoner will be remanded to the County of Giles, to be kept in custody until he will again be indicted for the offenses, or discharged by the Court of said county.