THEODORE WEICHSELBAUM V. PAUL T. CURLETT.

TENANT; *Purchase of Leased Property at Tax Sale.* Although a tenant cannot dispute the title of his landlord so long as it remains as it was at the time the tenancy commenced, yet he may show that the title under which he entered has expired, or has been extinguished. Thus, a tenant under no obligation or duty to pay taxes, may purchase the property at a tax sale made during his term, and resist the recovery of his former landlord for rent, accruing after the tax sale, by virtue of an adverse title so acquired.

*Error from Pawnee District Court.*

THE district court, at the October Term 1877, gave judgment in favor of defendant *Curlett,* and the plaintiff brings the case here.

*Nelson Adams,* for plaintiff.

*N. B. Freeland,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff, Weichselbaum, was the owner of three certain buildings, situated on the Fort Larned military reservation, in Pawnee county. On 13th March 1875, he rented the buildings to the defendant Curlett, for one year from the 1st of May following, at a monthly rental of $17.50. The defendant paid the rent until 29th February 1876, at which time, and while he was occupying the buildings as a tenant of plaintiff, he purchased them at a tax sale held that day — the buildings having been sold as personal property, for personal taxes. The defendant has continued to occupy the buildings, and has removed material from them of the value of $26.50. This action was brought by the plaintiff to recover of the defendant rent for the buildings from February 29th to the 1st of August 1876, and for damages for the removal of parts of the buildings. Upon the foregoing facts, the district court found, "as a conclusion of law, that the contract of lease between plaintiff and defendant was an illegal contract, and therefore cannot be enforced"— and gave judgment in favor of the defendant.

The judgment of the court below in favor of the defendant must be affirmed, and the claims of the plaintiff denied; but we base our decision upon different reasons from those given by the district court. None of the testimony produced upon the trial has been brought to this court, and we have nothing but the pleadings, and conclusions of fact, to consider. At the time of the tax sale, all the rent had been paid. Curlett was under no obligations to pay the taxes, or discharge the property from the lien; and he therefore had the right to purchase the buildings at such sale, to thereafter occupy them as his own, and after such sale to resist the recovery of his former landlord for rent, or damages to the property. While a tenant cannot dispute the title of his landlord so long as it remains as it was at the time the tenancy commenced, he may show that the title under which he entered has expired, or has been extinguished. When under no obligation or duty to discharge the taxes on the property, he may purchase it at a tax sale during his term. Taylor's Land. & Ten., § 705; *Simers v. Salters*, 3 Denio, 212; *Jackson v. Rowland*, 6 Wend. 666; *Ferguson v. Etter*, 21 Ark. 160; *Bettisin v. Budd*, 17 Ark. 546. After the tax sale of 29th February 1876, the plaintiff had no interest in the buildings, and the defendant was not answerable for rent for his occupation or use of them to him.

*(margin note: When tenant may acquire title as against landlord.)*

Counsel for plaintiff attempts to raise the question, that the tax sale was void, but sufficient proceedings are not set forth to bring this matter under review. All the presumptions are in favor of the judgment of the district court; and upon the conclusions of fact found, we must hold all the tax proceedings valid, and that the tax sale passed to the purchaser a good title. If these proceedings were void for any reason, it was incumbent upon the plaintiff to have obtained findings of fact fairly presenting the alleged defects. This was not done. That the court below gave a wrong reason for a right decision, does not affect the material rights of the plaintiff, and is no cause for a reversal.

The judgment of the district court will be affirmed, with costs.

All the Justices concurring.