## COMMONWEALTH vs. ANN McCURDY.

An indictment on the Gen. Sts. c. 87, §§ 6, 7, for keeping a tenement for the illegal sale of intoxicating liquor, may be supported by evidence of sales of intoxicating liquor on the Lord's day, although the liquor is such that its sale on other days would not be illegal.

INDICTMENT on the Gen. Sts. c. 87, §§ 6, 7, for keeping and maintaining a tenement in Hopkinton, used for the illegal sale and illegal keeping of intoxicating liquor.

At the trial in the superior court in Middlesex, before *Pitman*, J., it was admitted that the town of Hopkinton had voted that any person might manufacture, sell or keep for sale therein ale, porter, strong beer or lager beer; and it appeared that the defendant sold beer in the tenement on the Lord's day. The defendant requested the judge to instruct the jury that proof of sales of beer on the Lord's day was not sufficient to warrant a conviction. But the judge refused the request, and instructed them " that, if the defendant kept the tenement for the illegal sale of intoxicating liquor, the kind of liquor was not material; that the sale of fermented liquor, notwithstanding the vote of the town, was by the statute illegal on the Lord's day; and that if the liquor so sold was intoxicating, the maintaining the premises for such sale would authorize a conviction." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. A. F. Swan*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

WELLS, J. Under the instructions from the court, the jury must have found that the defendant kept the tenement described in the indictment, and that it was used for the illegal sale of intoxicating liquors. If the only evidence was of sales of beer on the Lord's day, then they must have found that it was strong beer, or of some kind that is intoxicating, or declared to be so by the statute. The instructions so required. The sale of such beer on the Lord's day is an illegal sale of intoxicating liquors, under the acts relating to the keeping and sale of intoxicating liquors; and a building kept and used for the purpose of such

sales, is a nuisance. *Commonwealth* v. *Shea*, 14 Gray, 386. It is within the express terms of the statute. That such sales would have been legal, if made on other days of the week, does not affect the question. It is also well settled that it is no answer to such a charge that the act was also illegal and punishable as an offence against the statutes relating to the Lord's day. *Commonwealth* v. *Trickey*, 13 Allen, 559.

*Exceptions overruled.*