THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* NICHOLAS KRANK, APPELLANT

*Excise law, chapter 628 of 1857 — a sale of liquor by a person without a license made on Sunday violates the provisions of section 21 of the said act but not those of section 13.*

Upon the trial of the defendant upon an indictment charging him with having sold strong and spirituous liquors, in quantities less than five gallons, to one Henry Vezie on July third, he was convicted on proof showing that the sale was made to Vezie on July fourth, which was Sunday.

*Held,* that the variance between the day alleged and the time proved, as the day on which the offense was committed, should be disregarded

*People* v. *Lavin* (4 N. Y. Crim. R., 547) distinguished.

That the conviction should be reversed upon the ground that the defendant was indicted and tried for the offense of selling strong and spirituous liquors, in quantities less than five gallons, without a license, in violation of the provisions of section 13 of chapter 628 of 1857, while the proof showed that he was guilty of another and distinct offense not charged in the indictment, namely, of selling strong and spirituous liquors on Sunday in violation of the twenty-first section of the said act.

APPEAL from a judgment of the Court of Sessions, for the county of Orleans.

The indictment contained three counts. In the first, it was charged that on the 3d day of July, 1886, the defendant sold strong and spiritous liquors, in quantity less than five gallons, to divers persons, to the grand jurors unknown, without having a license therefor; in the second count, he is charged with having on the same day sold strong and spiritous liquors, in quantity less than five gallons, to one Henry Vezie, and divers persons, to the grand jurors unknown, without having a license therefor; in the third count, he is charged with having sold liquor on the same day, in quantity less than five gallons, to one Henry Vezie, and divers persons, to the grand jurors unknown, without having a license therefor. In the first and second counts the sale is alleged to have been against the provisions of the " act to suppress intemperance and to regulate the sale of intoxicating liquors," passed April 16, 1857; in the third count the charge is general, as being against the form of the statute in such cases made and provided. The defendant was convicted, and thereupon he was sentenced to be confined in the county jail for the period of thirty days and to pay a fine of $100. From the judgment this appeal was taken.

*C. J. Church,* for the appellant.

*W. P. L. Stafford,* district attorney, for the respondent.

BARKER, J. :

The proofs show that the defendant was guilty of making one sale only, and that was to Henry Vezie, the person named in the second and third counts of the indictment, as the person to whom the sale was made. The indictment charged that the sale took place on the third of July, and the proof was, that it was made on the fourth of July, which last named day was Sunday.

The defendant makes the point, that the variance between the time alleged and the time proved, as the day on which the offense was committed, is such as to amount to a failure of proof sustaining the charge set forth in the indictment. The rule relative to a variance as to time is not so strict as that. The cases all hold that where the offense charged may have been committed on the day stated in the indictment as the day on which the offense took place, the variance may be disregarded when the day named in the indictment is, in fact, so near the day on which the offense was committed, as in this case. The rule on this subject is now regulated by statute. Section 280 of the Code of Criminal Procedure is as follows : " The precise time at which the crime was committed need not be stated in the indictment ; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the crime." This was substantially the rule adopted by the courts before the enactment of the statute. (*People* v. *Ball*, 42 Barb., 324.)

We are cited to the case of *The People* v. *Lavin* (4 N. Y. Crim. R., 547) as an authority in support of the defendant's contention. There the indictment was for selling spirituous liquors on Sunday, May 18, 1884, and the proof was that the sale took place on Sunday, April 20, 1884, and the court held that the variance was fatal, one of the judges dissenting. In that case it was essential to support a conviction, that the people should prove that the offense took place on a Sunday. Although the proof established a sale on a Sunday, there is some reason in support of the argument that the variance was fatal. It was essential, to constitute the offense for which the defendant was convicted in that case, that it should occur on a particular day in the week, and for that reason it was held, by a majority of the court, that the proofs should sustain the charge as to the very day mentioned in the indictment, and for that reason was brought within the exception mentioned in section 280, above quoted.

The offense charged in this case was for a violation of the thirteenth section of the act of 1857 (chap. 627), regulating the sale of intoxicating liquors. The defendant contends that, as it appears that the sale which he made took place on Sunday, he should have been acquitted, as the indictment does not charge a violation of the

twenty-first section, which forbids a sale of intoxicating liquors on Sunday by an inn, tavern, hotel-keeper, or "any other person."

The argument is, that the sale proved constitutes a violation of that section of the statute, and as it took place on Sunday, it is not an offense against the thirteenth section, as it would have been if committed on any other day of the week. That an offense was committed against some one of the provisions of the act is admitted.

If it is, as the defendant contends, an offense for selling on Sunday, as prohibited by the twenty-first section, and not a violation of the provisions of the thirteenth section, then he should have been acquitted, as a violation of the latter section is not charged in the indictment. (*People* v. *Brown*, 6 Parker's Crim. R., 666.)

The thirteenth section stands as it did at its enactment. The other section (21), at the time of the passage of the act, was limited in its application to inn, tavern and hotel-keepers who had a license duly granted, authorizing them to sell spirituous liquors. (*People* v. *Brown*, *supra*.) In 1873 (chap. 549) this section was amended so as to make its provisions general and applicable to all persons who should sell spirituous liquors on Sunday, whether they were licensed to sell on other days of the week or not. These sections are now to be read and construed together, in connection with other provisons of the act, the same as if the amendment was embraced in the original act. To be more precise, the defendant's contention is, that as it is declared in section 21 that whoever offends against the provisions of that section shall be guilty of a misdemeanor, and on conviction shall be punished as therein provided, that a sale made on Sunday is not an offense against the provisions of the thirteenth section, and the offender is not subject to the punishment imposed by law for a violation of that section. The question is one simply of construction. A literal translation of the language used in each of the said sections would make the defendant's act, as proved, an offense against the provisions of both, and subject him to two indictments and to two prosecutions. We must determine whether such was the legislative purpose. The question is to find its solution by an application of the rules and maxims generally adopted for the purpose of ascertaining the mind of the law makers. As has been frequently remarked by the courts the statute appears to be carelessly drawn, and to have been adopted without a very

careful consideration of its provisions, and the courts have experienced much difficulty in ascertaining the object and purpose of many of its provisions. The intention of the legislature on this question is not clearly and distinctly expressed, and is to be ascertained by the application of the general rules, adopted by the courts for the construction of statutes. General words in one clause may be restrained by particular words in a subsequent clause of the same statute. So when a general intention is expressed and the act also expresses a particular intention, the particular is to be considered in the nature of an exception; also, if a particular thing be given or limited in the preceding parts of a statute, it shall not be taken away or altered by any subsequent words of the same statute. (Dwarris, § 658; *Churchill* v. *Crease*, 5 Bing., 180; *People* v. *Brown*, 6 Parker's Crim. R., 666.) The provision in section 13 is general in its application and forbids the sale of any strong or spirituous liquors in quantities less than five gallons at a time, without having a license therefor; and that the offender shall forfeit fifty dollars for each offense, and by the language used is made to apply to a sale made on any day of the week. In a subsequent section (21) a sale by an unlicensed person is again considered in a particular way, when made on a particular day of the week, and a special punishment imposed for that offense, which does not apply to the violation of any other section of the act. It is plain that the legislature, by the provisions of this section, intended to create, mark out and define a new offense, for doing an act previously prohibited by a general provision, and, as we think, to except the particular act from the operation of the previous section. This conclusion is supported by what must be conceded to be the general policy of the law making power of the State, as manifested in the history of legislation, not to subject a citizen to several indictments and trials for doing a single illegal act, and expose him to a double punishment. In the construction of statutes, where a question of this nature arises, it is the duty of the court to avoid a conclusion which would lead to such a result unless the language used plainly and clearly supported such an intention. The only statute in existence making it illegal to sell liquor without a license on Sunday or any other day of the week is the general act of 1857, with its subsequent amendments. It is no disregard of the language used in section 13 to hold that when a sale is made on

Sunday, by an unlicensed person, it is excepted from its provisions, and to declare that the offense falls within the provisions of the twenty-first section, which clearly defines the offense and provides for its punishment. It is obvious that the legislature regarded a sale of liquor on Sunday by an unlicensed person as a higher offense, to be punished with more severity than if committed on one of the secular days of the week. This seems the more conclusive for the reason that the act contained no provision whatever declaring the punishment which shall be imposed for a violation of the provisions of the thirteenth section, which by its own terms only imposed a penalty of fifty dollars for each offense.

It was held in the case of *Foote* v. *The People* (56 N. Y., 321), that the provisions of the twenty-ninth section, declaring certain offenses to be misdemeanors which might be punishable by imprisonment in a work-house or jail for the period of three months, and to pay a fine of $100, was applicable only to the offense of adulterating imported or other intoxicating liquors with poisonous or deleterious drugs or mixtures, or for selling the same knowing them to be so adulterated; and that the offense of selling without a license, as provided in section 13, was a misdemeanor, and was punishable only as prescribed by the general provisions of the Revised Statutes for the punishment of misdemeanors not otherwise provided for. In the case of *The People* v. *Brown* (*supra*), it was held that section 21, before its amendment, applied only to inn and hotel-keepers who had a license authorizing them to sell on other days of the week. Thereafter the amendment of 1873 was enacted, which made the statute applicable to all persons, including those not licensed; and this, we think, signifies an intention to inflict the greater punishment provided by that statute, for every sale made by an unlicensed person on Sunday, which, by the ordinary rule of construction, would exempt the offender from the lesser punishment imposed by the Revised statutes for all misdemeanors not otherwise provided for.

The learned district attorney admits that the illegal sale made by the defendant comes within the provisions of section 21; but he also contends that the same sale constitutes a violation of section 13, in which the provision is general, prohibiting the sale without a license; and that the defendant may be separately indicted and

punished for each offense, and cites us to several cases which he supposes supports his argument.

Where two or more laws are separately enacted, each having in view a separate and distinct purpose, and the offense which is created by the respective statutes may be committed by the doing of a single act, then the offender may be indicted by the same evidence. This rule has been affirmed and followed in several Massachusetts cases. (*Commonwealth* v. *McCurdy*, 109 Mass., 364; *Commonwealth* v. *Trickey*, 13 Allen, 559.) But where different offenses are created and defined by the same enactment, and a separate and distinct punishment is provided for each offense, and a single act may, by the strict letter of the statute, constitute a violation of two or more of the provisions of the statute, then a case is provided, in our opinion, for the courts to determine if such was the legislative intention, or whether the act prohibited was intended to be punished by one indictment and conviction, and if so, for which offense.

The conviction and judgment should be reversed and the proceedings remitted to the Court of Sessions for Orleans county.

HAIGHT and BRADLEY, JJ., concurred; SMITH, P. J., not voting.

Judgment and conviction reversed and new trial ordered; and for that purpose proceedings are remitted to the Court of Sessions of Orleans county.