THE STATE, Appellant, vs. FENLY, Respondent.

1. The supreme court will not interfere with the decisions of inferior courts upon their own rules.
2. A county warrant is such an instrument or writing as may be forged, within the meaning of the sixteenth section of article four of the act concerning Crimes and Punishments. R. C. 1845.
3. Where a party is charged with altering or forging a county warrant, an indictment is sufficient which alleges that he falsely altered and forged the warrant, &c., intending to defraud, &c., setting forth the warrant *in hæc verba*, without alleging, in the words of the statute, that it was an instrument or writing, being or purporting to be the act of another, by which, a pecuniary demand or obligation was or purported to be transferred, created, &c., or by which, rights of property were or purported to be transferred, &c., or in any manner affected. (SCOTT, J., dissenting.)

*Appeal from St. Clair Circuit Court.*

*Gardenhire*, (attorney general,) for the State. 1. The record having been filed in the St. Clair Circut Court on the first day of the term, the cause ought not to have been tried until the next succeeding term. The determination of a motion to quash is a *trial*, within the meaning of the rule of the Circuit Court. 2. A motion to quash will not lie in a case of felony. A defect in the indictment, in such a case, can only be taken advantage of by demurrer. 1 Chitty's Crim. Law, 299. 11 Mo. Rep. 28. 3. The indictment is substantially good. R. C. 1845, p. 351, secs. 15 and 16. It brings the offence charged within all the material words of the statute, and that is all that is required. 2 Hawk. P. C. ch. 25, sec. 110. 8 Mass. Rep. 59. 16 Wend. 56. It does not expressly allege that the warrant *purported* to be the act of another, by which a pecuniary demand was created, but it sets out the entire instrument.

*Wright* and *Ballou*, for respondent. 1. This court will not disturb the Circuit Court's construction of its own rules. The word *trial* obviously means a trial of facts. 2. The indictment was defective and properly quashed. The venue is not

29—VOL. XVIII.

sufficiently laid. Time and place must be laid to every material fact in the indictment. Archbold's Crim. Pl. 36. 5 T. R. 607. 3 Bibb, 490. Again, no indictable offence is charged. Altering a *state* warrant is made indictable, (R. C. 1845, p. 367, art. 4, sec. 2 ;) but altering a county warrant, as such and by that description, is not indictable. The indictment does not show that the warrant was legal, or properly signed, or that it created any liability. It does not show that the alteration amounted to *forgery.* It should have averred that the figure 2 was " falsely" as well as " feloniously" forged and made. If it is said that the indictment is framed upon the sixteenth section, it is not sufficient, because it does not allege that the warrant was an instrument or writing, *being or purporting to be the act of another, or that any pecuniary demand was or purported to be transferred, created or increased, or in any manner affected.* Nor is it sufficient, if framed upon the fifteenth section. The word " warrant," in the indictment, cannot be substituted for the word " order," in that section. The indictment does not show that the alteration of the warrant was after it was signed by the president of the court. It is not forgery for a clerk to issue a warrant for a different amount than that specified in the order of the court.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted at the April term, 1853, of the Circuit Court for the county of Polk, for the crime of forgery. On his petition, the venue was changed in this case, to the county of St. Clair, and said Fenly entered into recognizance to appear at the next succeeding term of the Circuit Court for said last mentioned county. At the May term of the Circuit Court of St. Clair county next following the change of venue, the defendant appeared and filed his motion to quash the indictment in this case. This motion is as follows :

" Fenly, *ads.* State of Missouri. Indictment for forgery. The said defendant comes and moves the court to quash the

State *v.* Fenly.

indictment, 1st, Because the indictment does not aver that the warrant alleged to have been altered was an instrument of writing, either being or purporting to be the act of another. 2d, Indictment does not state that, by virtue of said warrant, some pecuniary demand or obligation was or purported to be either transferred, created, increased, discharged or diminished, nor by virtue of which, some right or property was, or purported to be, either transferred, conveyed, discharged, increased, or in some manner affected; 3d, because said indictment does not state any indictable offence."

The court sustained the motion to quash the indictment, and the circuit attorney excepted and filed his bill of exceptions, and brings the case here by appeal. The questions then, arising in this case, all depend upon the sufficiency of the indictment.

1. This court will not interfere with the practice of the court below, in settling its own rules. This remark is made, because the circuit attorney opposed the action of the court below, in entertaining at the time it did, the defendant's motion to quash, alleging that the record of the proceedings of the Polk Circuit Court had not been on file long enough for such motion, under the rules of the St. Clair Circuit Court.

This subject was for the court below to decide, and that court hearing the motion of the defendant, and quashing the indictment, it is of more importance to examine the action of the court upon the motion, than *the time* of such action.

The indictment is framed under the sixteenth section of the fourth article of the act concerning Crimes and Punishments, (R. C. 1845, p. 371,) which is as follows : " Every person who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit any instrument or writing, being or purporting to be the act of another, by which any pecuniary demand or obligation shall be, or purport to be, transferred, created, increased, discharged or diminished, or by which any right or property whatsoever, shall be, or purport to be, transferred, conveyed, discharged, increased, or in any manner

affected, the falsely making, altering, forging or counterfeiting of which is not hereinbefore declared to be forgery in some other degree, shall, on conviction, be adjudged guilty of forgery in the third degree."

The indictment is in the following form : " The grand jurors for the state, &c., upon their oaths, present, that on the twentieth day of April, in the year of our Lord, eighteen hundred and fifty-two, at the county of Polk aforesaid, a warrant was issued, according to law, to the treasurer of Polk county aforesaid, by the authority of the county court of said county—said court having then and there competent power and authority so to do, in favor of Abraham Fenly, jr., for sixty-seven dollars and five and one-half cents, which warrant was of the tenor following, that is to say :

"No. 28.                                              "$67 05½.

"Treasurer of the county of Polk, pay to Abraham Fenly, jr., sixty-seven dollars and five and one-half cents, out of any money in the county treasury appropriated for court house fund. Given at the court house this twentieth day of April, eighteen hundred and fifty-two. By order of the county court.

"B. C. MITCHELL, President.

"Attest : A. FENLY, jr., Clerk."

And that he, the said Fenly, late of the county of Polk aforesaid, did then and there feloniously, falsely and fraudulently alter said warrant, by then and there feloniously, falsely and fraudulently erasing the figures 28, as the number of said warrant, and then and there feloniously forging and making the figure 2 as the number of said warrant, and by then and there feloniously, falsely and fraudulently erasing the figure 6, as appeared in the face of said warrant, and then and there feloniously, falsely and fraudulently forging the figure 9 in said warrant, and by then and there feloniously, fraudulently and falsely altering the word " sixty," as the same appeared in said warrant as before set forth, by erasing the same, and feloniously, falsely and fraudulently forging and making the word " ninety," making and causing said warrant

State *v*. Fenly.

so feloniously, falsely and fraudulently altered and forged, to read according to the words and figures following, that is to say :
    "No. 2.                                              "$97 05½.

    "Treasurer of the county of Polk, pay to Abraham Fenly, jr., ninety-seven dollars and 5½ cents, out of any money in the county treasury appropriated for court house fund.  Given at the court house, this twentieth day of April, eighteen hundred and fifty-two.  By order of the county court.
                            "B. C. MITCHELL, President.
    "Attest : A. Fenly, jr., clerk."
He, the said Fenly, intending then and there feloniously, falsely and fraudulently thereby to receive of and from the said treasurer (there being at that time a treasurer of said county,) of said county of Polk, the sum of ninety-seven dollars and five and one-half cents, instead of the sum of sixty-seven dollars and five and one-half cents.  He, the said Fenly, intending then and thereby feloniously, falsely and fraudulently to defraud the county of Polk aforesaid, contrary," &c.

The question now arises, is this indictment sufficient to require the defendant to answer to it ?

2. The counsel for the defendant, Fenly, urges before this court several objections to this indictment.  The first which will be noticed is the want of venue.  He contends, that there is no venue to the charge of altering and forging the warrant, as set forth in the indictment.  The indictment avers, that on the 20th day of April, 1852, at the county of Polk aforesaid, a warrant was issued, according to law, &c., and that Fenly, late of the county of Polk aforesaid, did then and there, &c., alter said warrant.  When and where ?  On the 20th of April, 1852, at the county of Polk.  Here the venue is laid, and, in the opinion of this court, well and sufficiently laid.

3. The next objection urged by the defendant's counsel strikes at the root of this case.  He contends, that the county warrant set forth in this indictment, is not such an instrument or writing as forgery can be committed upon under our statute.

If this be so, then, that will end this prosecution. What is a county warrant? The statute concerning counties, (R. C. 1845, sec. 4, p. 311,) states, " that when the court shall ascertain any sum of money to be due from the county, they shall order their clerk to issue a warrant therefor, in the form set forth in the indictment above. The warrant shall be drawn for the whole of the amount ascertained to be due to the person entitled to the same ; shall be signed by the president of the court, whilst the court is in session, attested by the clerk, and numbered progressively throughout each year. The treasurer is not to pay any warrant drawn on him, unless such warrant be presented for payment by the person in whose favor such warrant is drawn, or by his assignee, or executor or administrator. The law prescribes the mode of assignment of such warrant. No blank indorsement can transfer any right to a warrant, nor shall it authorize the holder to fill up the same. From the above provisions of our law, I answer, then, a warrant, such as the one set forth in this indictment, is an instrument, or a writing, by which the treasurer is required to pay the money from the county treasury, to the person named in the warrant or his lawful assignee, or executor or administrator. It is a writing by which the money or property or rights of a county can be affected, and that, too, in a manner greatly to the loss and injury of the county. In short, it is such an instrument as, in the opinion of this court, forgery can be committed upon, by the false and fraudulent alteration of it. This objection, then, must likewise give way.

4. The only remaining question touches the manner this forgery is charged in the indictment. If the offence be sufficiently and properly charged, the court below erred in quashing the indictment ; if not sufficiently charged, the court did not err in quashing it. This question has presented considerable difficulty, and it has been thoroughly looked into and examined at the expense of time and labor on the part of the court. In this indictment, the circuit attorney has thought proper to insert

the warrant *in hæc verba*, and has omitted to call it an instrument, or writing, purporting to be the act of another.

In the case of the *People* v. *Rynders*, 12 Wend. Rep. 425, we find a case very similar to the one now before the court. In Rynders' case, it was held, " where a party is charged with *forging or counterfeiting a check on a bank*, it is sufficient in the indictment to allege, that he falsely made, forged and counterfeited a certain check, with intention to defraud, &c., setting forth the check *in hæc verba*, with the name of the drawer as appearing upon it ; and it is not necessary to allege, in the words of the statute, that it was *an instrument, or writing*, being or purporting to be the act of another, by which a pecuniary demand or obligation is, or purports to be created, &c., or by which rights or property are, or purport to be, transferred, &c., or in any manner affected ; nor is it necessary to aver that, by such forgery, any person is affected, bound, or in any way injured in his person or property."

Rynders was indicted at the Cayuga Oyer and Terminer for forgery. The indictment contained several counts. In the three first counts, it was stated that Rynders, on the 23d of November, 1833, at, &c., feloniously did falsely make, forge and counterfeit, and did cause and procure to be falsely made, forged and counterfeited, and did willingly act and assist in the false making, forging and counterfeiting a certain check, which said false, forged and counterfeited check is as follows, that is to say : " Auburn, November 23d, 1833.  Cashier Cayuga county bank, pay to discount or bearer, nine hundred and eighty-two dollars and forty-eight cents.  (Signed,) Graves & Merrick, I by Henry Allen," with intent to defraud the president, directors and company of the Cayuga county bank.

On the trial, the counsel for prisoner objected to the reading of the checks in evidence to the jury, because it was not averred in the indictment that the checks were in *writing*, or *purported to be the act of another*, and because it was not

averred, that *any person was or might be affected, bound or in any way injured in his person or property*, by the checks alleged to be forged, &c., all which objections were overruled by the court. The prisoner was convicted and the case was taken to the Supreme Court, where these points were again taken and relied on for reversal of the judgment below.

In delivering the opinion of the court, Chief Justice Savage said : " It is objected, that the indictment does not state, that the check *purported to be the act of another*, and that it was in *writing*, &c. The common form, no doubt, is to pursue the words of the statute, and therefore, the present indictment contains unnecessary words. The words of the revised statutes are : " Every person who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit," and then the different instruments are described, not by name, but by a general description. The present indictment follows the form upon the old statute, which followed the English statute, and hence the English forms were appropriate. The former statute specified, by name, the different instruments, such as bond, bill of exchange, promissory note, &c. The present statute does not specify in that manner, but gives a general description, as an instrument or writing, being, or purporting to be, the act of another, &c. When, in the present indictment, the pleader says, that the defendant feloniously did falsely make, forge and counterfeit a certain check, and sets it out *in hæc verba*, he shows that the defendant has forged an *instrument* or *writing*, for the writing is implied in the term check—there is no such thing as a verbal check ; it is a solecism. It is shown, then, that the forgery was of an instrument in writing ; and also that it was, or purported to be, the act of another, to-wit, the act of Graves & Merrick, by Henry Allen. It is shown also, that it was an instrument by which a pecuniary demand purported to be created—by which rights or property were affected. This is precisely such an instrument as the legislature have said it shall be forgery in the third degree to counterfeit. The indictment, therefore, contains every thing which is ne-

State *v.* Fenly.

cessary to a due administration of the law, unless it is to be presumed, that the court and jury do not know, without being specially informed, that a check is an instrument in writing, and coming within the statute, without a special averment. But, it is said, that the English adjudications require this particularity, and they undoubtedly do so, when it is intended to oust the defendant of the privilege of clergy ; but where there is no such object, it is sufficient to aver, that the defendant forged a certain writing, describing it truly, and setting forth its tenor. The present indictment would have been more formal, and in conformity with precedents, if it had charged the defendant with forging a certain paper writing, purporting to be an instrument in writing, and the act of Graves & Merrick, or Henry Allen, by which a pecuniary demand purported to be created, the tenor of which is as follows, and then set it out as was done in this case ; but it seems to me, that enough is stated to show the court the precise nature of the offence with which the defendant is charged ; and when to this consideration we apply the directions of the legislature, that no indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection in matters of form which shall not tend to the prejudice of the defendant, we cannot hesitate to pronounce the indictment good."

I have thought it proper to quote the opinion of Chief Justice Savage almost entirely, in the case of Rynders, because it is directly in point in the present case, and the reasoning and views of the judge are, in my opinion, sound and conclusive. The statutes of New York and of our state are nearly alike ; the defects pointed out in the present case are nearly the same as those in the case of Rynders ; the omissions are on the same subject, and nearly of the same words. The case of the *People* v. *Rynders* was recognized and referred to as authoritative in *People* v. *Charles*, 3 Denio, 212 ; and also in the Court of Appeals in New York, in 1848, in the same case of *People* v. *Charles*, 1 Comstock, 185.

In 3 Chitty's Crim. Law, p. 1040, it is said : " Though it is sufficient to aver that the defendant forged a certain writing, describing it truly, and setting forth its tenor, it seems more proper to lay it as a certain paper writing, purporting to be the instrument which the statute on which the indictment is framed describes.   As the word *tenor* imports an exact copy, the word " purport" means no more than the substance of the instrument which appears to every eye that can read."

In this case, the instrument forged is called a " warrant," and, like the word " check," imports a writing ; it is set forth by its tenor *in hæc verba.*   The court can see its purport.  It is signed by the president of the court issuing it.   It is for money to be drawn from the treasury of the county ; in short, the court can see it is such an instrument or writing as the legislature have said it shall be forgery in the third degree to counterfeit.

All the objections, then, which have been urged in this court against the sufficiency of the indictment, are considered as merely touching the form, and such as cannot tend to the prejudice of the defendant.   See Practice and Proceedings in Criminal Cases, R. C. 1845, sec. 17, art. 4, p. 869.

The court below erred, then, in quashing the indictment, and its judgment is reversed, and cause remanded.   Judge Gamble concurring herein, Judge Scott dissenting.