W. H. MARSHALL, AS CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA, AND *ex officio* CLERK OF THE BOARD OF COUNTY COMMISSIONERS OF SAID COUNTY, *Plaintiff in Error*, v. STATE OF FLORIDA, *ex rel*, C. M. SARTAIN, F. M. DOBSON AND R. B. REESE, AS PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF SARTAIN, DOBSON, AND REESE, AND BAY COUNTY, A COUNTY OF THE STATE OF FLORIDA, *Defendants in Error*.

### En Banc.

### Opinion Filed November 21, 1924.

1. In the absence of specific statutory authority county warrants cannot be issued at a discount to pay a debt, or for the purpose of borrowing money.

2. There is a vast distinction between warrants and bonds. Warrants are mere 'orders or drafts on the treasury payable on presentation when funds are available, or at a fixed date with interest if authorized by statute, while bonds are obligations running through a series of years payable at a definite time with a fixed rate of interest independent of presentation. Warrants may be assignable though they are not negotiable paper unless made so by lawful authority. Bonds like bank notes, bills of exchange and other negotiable instruments as a rule possess all the attributes of commercial paper or negotiability, and when so clothed are negotiable.

A Writ of Error to the Circuit Court for Bay County, D. J. Jones, Judge.

Judgment reversed.

*Carter & Yonge* and *Harlon L. Stewart*, for Plaintiff in Error;

*J. R. Wells Jr.* and *E. Dykes*, for Defendants in Error.

TERRELL, J.—In November, 1920, the County Commissioners of Bay County entered into contract with Sartain, Dobson and Reese to reconstruct the court house of said county for an agreed sum. The work was completed, accepted and final settlement had when it was found that there was a balance due the contractors of $12,000.00. The commissioners paid the contractors $4,000.00 cash. The contractors transferred $2,000.00 of said claim to Frank Mosley and the commissioners then agreed to sell and deliver to the contractor at private sale sufficient county warrants at 90 cents in the dollar to satisfy the contractors' claim, now reduced to $6,000.00. Said warrants having been issued under Chapter 8615, Acts of 1921, Laws of Florida.

The contractors agreed to accept said warrants in satisfaction of their claim, and the commissioners ordered that they be immediately signed, attested and sealed by the clerk, W. H. Marshall, and delivered to the contractors. The clerk refused to obey the order of the commissioners, when Bay County, joined by the contractors, brought suit in mandamus to compel compliance with the said order. Demurrer and motion to quash the alternative writ were overruled, peremptory writ was granted and writ of error taken to this court.

Payment is resisted on the ground that the county is improperly made a party to the suit; that under Chapter 8615, Acts of 1921, Laws of Florida, the warrants sought to be delivered cannot be sold at private sale at 90 cents in the dollar plus accrued interest in payment of a debt due; that if so sold and issued the transaction will be usurious and the warrants bear a greater rate than eight per cent., the maximum allowed under the law, and that the writ requires the performance of an illegal act, the

claim not having been audited and proper allowances made for deficiencies, as the law directs.

Under the facts as detailed in this case the joining of Bay County with Sartain, Dobson and Reese as a party relator in the petition for the alternative writ was mere surplusage and does not constitute reversible error.

On the question of a private sale of these warrants, Chapter 8615 Acts of 1921, among other things, provides: "That all of said interest-bearing time warrants shall be sold either at private sale, or to the highest bidder at public sale, and in case the said warrants are sold to the highest bidder at public sale they shall be advertised for sale in a newspaper published in Bay County and in a financial publication published in some financial center of the United States for at least two weeks, as the County Commissioners may decide and direct."

We think that in view of the foregoing, and the general trend of the decided cases affecting the situation, the legislature must have contemplated that if a private sale was made the warrants should bring par; but that if par could not be realized at such a sale they should then be sold after advertising, to the highest bidder as the statute directs.

In the absence of specific statutory authority warrants cannot be issued at a discount to pay a debt, or for the purpose of borrowing money. Erskine v. Steele County, 4 N. D. 339, 60 N. W. Rep. 1050, 28 L. R. A. 645; Clark v. City of Des Moines, 19 Iowa 199; 19 R. C. L. 1036; 28 Cyc. 1597, 569; 5 McQuillin on Municipal Corporations, §2224; Arnott v. City of Spokane, 6 Wash. 442, 33 Pac. Rep. 1063; 1 Dillon on Municipal Corporations (4th ed.) 503. We cannot better state the reason for the rule of law as here announced than was done by the court in the first case above cited, hence we quote the following from Erskine v. Steele County: "The authorities cited,

and others to the same effect, are severe in their animad-
versions upon discount transactions, when attempted by
municipal corporations in endeavoring to bring their
depreciated warrants up to par. The principal ground
upon which the cases rest is the essential illegality and
want of power in the governing body to enter into such
financial transactions; and the cases uniformly and strenu-
ously condemn all attempts to engage in such discounts
as being highly dangerous, and likely to lead to disastrous
results.''

Chapter 8615 Acts of 1921, Laws of Florida, does not
authorize the county commissioners of Bay County to
issue the warrants therein provided for at a discount in
payment of the debt contracted, but only provides that
they may be sold at private sale or public sale to the high
est bidder after advertising. The sale here resisted · w·s
not a public sale to the highest bidder after advertishg
and was not a private sale at par in contemplatio of
the statute.

Defendants in error contend that these warrats are
in reality bonds and may be sold below par in the absence
of an express statutory prohibition. We do not think this
contention is well grounded. There is a vast distinction
between warrants and bonds. Warrants are nere orders
or drafts on the treasury payable on presetation when
funds are available or at a fixed date with nterest if au-
thorized by statute, while bonds are obligations running
through a series of years payable at a definite time with
a fixed rate of interest independent of presentation. War-
rants may be assignable though they are not negotiable
paper unless made so by lawful authority. Bonds, like
bank notes, bills of exchange and other negotiable in-
struments as a rule possess all the attributes of commer-

cial paper or negotiability, and when so clothed are negotiable.

A common requirement of the constitutions and statutes of many of the States is that the question of issuing bonds must be submitted to and approved by vote of the people; this fact in the estimation of the purchasing public creates a superior market for bonds and has the effect of making them a more desirable security than warrants.

There appears to be nothing in Chapter 8615, Acts of 1921, to support defendant in error's contention that the warrants in question are in reality bonds and should be so treated.

On the question of allowance for deficiencies or failure to comply with the terms of the contract, we think that under the law of this State that was a matter the responsibility for which was on the county commissioners, and when they had approved and accepted the structure, no fraud being charged or shown, the plaintiff in error had no reason to complain.

For the reasons herein stated the judgment below is reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.

WEST, J., dissents.