TOWN OF BITHLO, A MUNICIPAL CORPORATION, *Plaintiff in Error*, v. BANK OF COMMERCE, A BANKING CORPORATION. *Defendant in Error*.

En Banc.

Opinion Filed November 24, 1926.

1. Municipalities can exercise only such powers as are conferred by express provisions of law, or such as are by fair implication properly incident to or included in the powers expressly conferred for carrying out municipal purposes, and these fictions can be exercised only through appropriate officers or agents duly clothed by authority of law.

2. A warrant is the command of the council, board, or official, whose duty it is to pass upon the validity and determine the amount of a claim against the municipality, to the treasurer

to pay money out of any funds in the city treasury, which are or may become available for the purpose specified, to a designated person whose claim therefor has been duly adjudged and allowed.

3. Warrants or drafts upon the treasurer of a municipal corporation can be issued only in the manner and for the purposes prescribed by law, and when they are issued for a purpose or in a manner not authorized by law they are void and cannot be collected.

4. If a warrant is illegally issued it can make no difference that it is in the hands of a purchaser for value without notice of any illegality or irregularity in the warrant, as warrants or orders drawn by one or more municipal officers upon another, in the disbursement of the funds of the municipality and payment of its indebtedness, are not to be regarded as negotiable or commercial paper cutting off equities against the municipality.

A Writ of Error to the Circuit Court for Orange County; Alexander Akerman, Referee.

Judgment reversed.

*Johnston & Garrett,* for Plaintiff in Error;

No appearance for Defendant in Error.

CHILLINGWORTH, Circuit Judge.—The Town of Bithlo, defendant in the trial court, is a municipal corporation existing under the general laws, without any special charter. Under date of March 2, 1923, the Mayor and City Clerk of the town issued a warrant in words and figures as follows:

"TOWN OF BITHLO            No. 51
STATE OF FLORIDA         $311.60

Office of the City Clerk, March 2, 1923.
To the City Treasurer

Pay to the order of Barton Pittman (90 days after date) the sum of Three hundred and eleven 60/100 ..........................Dollars, in settlement of account for Salary, and charge the same to Salary,..........Account.

                      M. M. Macy
                        City Clerk

H. E. Trowbridge
    Mayor
Endorsed in Blank on back as follows:
                  'Barton Pittman.' "

The warrant was endorsed by Barton Pittman. The plaintiff, Bank of Commerce, paid a valuable consideration to Barton Pittman for the warrant, and became a holder thereof without notice of any invalidity, other than such as might appear from the face of the warrant.

The Town Council of Bithlo never passed on any item of indebtedness in favor of Barton Pittman, never authorized the execution of the alleged warrant and never received from this plaintiff any consideration for it. On the date of the warrant the town was indebted to Barton Pittman in an amount equal to the face of the warrant, which sum has never been paid. The warrant was presented to the Town Treasurer, and payment refused. A judgment was entered for the plaintiff.

Municipalities can exercise only such powers as are legally conferred by express provision of law, or such as are by fair implication and intendment properly incident to or included in the powers expressly conferred for carry-

ing out municipal purposes, and these functions can be exercised only through appropriate officers or agents duly clothed by authority of law. Liveris v. Harper, 89 Fla. 477, 104 South. Rep. 853; 19 R. C. L. 1066.

"A warrant is the command of the council, board, or official, whose duty it is to pass upon the validity and determine the amount of a claim against the municipality, to the treasurer to pay money out of any funds in the city treasury, which are or may become available for the purpose specified, to a designated person whose claim therefor has been duly adjudged and allowed." 2 Dillon on Municipal Corp. (5th ed.) 1283.

Under the provisions of Section 1828 of the Revised General Statutes of Florida, 1920, the council has vested in it the government of the municipality. Under the provisions of Section 1895, the government of the city can not make appropriations in any one year for a greater sum than is allowed to be collected by taxation, and it is unlawful for any officer of the municipal corporation to issue a warrant on the treasurer, except in payment of an appropriation. In this case no appropriation was made for the payment of the alleged indebtedness, evidenced by the warrant, and the governing body of the municipality did not authorize the issuance of the warrant.

It is well settled that warrants or drafts upon the treasurer of a municipal corporation can be issued only in the manner and for the purposes prescribed by law, and when they are issued for a purpose or in a manner not authorized by law they are void and cannot be collected. 19 R. C. L. 1036.

It follows that insomuch as Barton Pittman was concerned the warrant was not a valid obligation of the municipality. Insofar as this plaintiff is concerned it is evi-

dent that the warrant was not a negotiable instrument, and this plaintiff could not be an innocent holder for value before maturity without notice, as in the case of a negotiable instrument. If a warrant is illegally issued it can make no difference that it is in the hands of a purchaser for value without notice of any illegality or irregularity in the warrant, since it is well settled, by consideration of public policy, as well as a decided preponderance of authority, that warrants or orders drawn by one or more municipal officers upon another, in the disbursements of the funds of the municipality and payment of its indebtedness, are not to be regarded as negotiable or commercial paper cutting off equities against the corporation. 19 R. C. L. 1037; 2 Dillon on Munic. Corp. (5th ed.), 1295.

It therefore appears that the warrant is not a valid indebtedness of the municipality, and this plaintiff can not maintain an action on it against the defendant.

The judgment will be reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed.

WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., concurs in the conclusion.