Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. Is a board of county commissioners authorized by law to utilize a telephone call to initiate the transfer of county funds between demand accounts and time deposit accounts of the county maintained within the same county depository?
2. Is a board of county commissioners authorized by law to utilize a telephone call to initiate the transfer of county funds from a savings account maintained by the county in a savings and loan association to a demand account maintained by the county in a county depository?
3. Is a board of county commissioners authorized by law to utilize a telephone call to initiate the transfer of county funds from a demand account maintained by the county in a county depository to a savings account in a savings and loan association?
SUMMARY:
A board of county commissioners is not authorized by law to telephonically initiate the transfer of county funds from demand accounts and time deposit accounts maintained in the same county depository, or to telephonically initiate the transfer of funds from a demand account in the county depository to a savings account in a savings and loan association, or to telephonically initiate the transfer of funds from a savings account in a savings and loan association to a demand account in a county depository.
As these questions are interrelated, they will be answered together.
It is axiomatic that the powers of the boards of county commissioners must be exercised jointly by them as boards and not as individuals. See generally 20 C.J.S. Counties s. 88 and numerous cases cited therein. This principle is particularly applicable to the disbursement of county funds. The determination to transfer, disburse, or invest county funds is a decision which must be made by the board as a unit and properly recorded in the minutes. See s. 136.06(1), infra, which states that all money drawn from the county depository must be drawn by check or warrant issued by the board, and that `said check or warrant . . . shall be recorded in the minutes of the board having ordered the same drawn'; and s. 28.12, F. S., which states that the clerk of the circuit court is to be clerk and accountant of the board of county commissioners and keep the minutes and accounts as provided by law.
The control and disbursement of county funds are governed by the terms of Ch. 136, F. S., the County Depository Law. Section 136.04
requires banks which serve as county depositories to separate the savings or time deposit accounts of the county from the county's daily balance accounts which are subject to immediate checking. The statute further provides:
 Funds in a savings or time deposit account shall not be subject to check without being transferred to the checking account by order of the board . . . having control of the same. . . . . (Emphasis supplied.)
Your inquiry suggests that you are uncertain whether the phrase `by order of' as used in the context of this statute permits county funds to be transferred by verbal or telephonic means. For the following reasons, however, I conclude that boards of county commissioners are not authorized to use telephonic means to transfer county funds.
While the term `order' comprehends a variety of meanings including both verbal and written commands, see the definitions found on p. 1558 of Webster's Third International Dictionary, the word `order' possesses a specific definition in the realm of governmental finance. In its most basic form, an order is a demand made upon a drawee to pay. See 6 Fla. Jur. Bills, Notes and Other CommercialPaper s. 97. As so defined, it would appear that the word `order' as used in s. 136.04, F. S., is synonymous with the word `warrant.' See Town of Bithlo v. Bank of Commerce, 110 So. 837
(1926); Marshall v. State ex. rel. Sartain, 102 So. 650 (Fla. 1924) (warrant is an order or draft on the treasury); State v. Woods, 36 So. 626 (La. 1904) (`warrants' and `orders' for payment are synonymous. A warrant is an order for the payment of money); Shawnee County Commissioners v. Carter, 2 Kan. 115, 116 (1863) (a `warrant' is an order by which the drawer authorizes one person to pay a particular sum of money). Furthermore, a warrant must be in writing. See Missouri Gravel Co. v. Federal Surety Co.,237 N.W. 635, 639 (Iowa 1931) (in the ordinary use of the term a `warrant' is a written order drawn by someone with authority issued to some officer having possession and control of the funds); State v. Fenly, 18 Mo. 445, 454 (1853) (the word `warrant' as used in an indictment charging a person with forging a county warrant, like the word `check,' imparts a writing); Cricket v. State, 18 Ohio St. 9,23 (1868) (the word `order' as used in a statute providing that compensation is `to be paid out of the county treasury on order of the county commissioners' means a written order or warrant).
It is clear, therefore, that s. 136.04, F. S., does not by its terms authorize the board of county commissioners to conduct its official business by telephone. Furthermore, s. 136.06(1), F. S. (1978 Supp.), expressly states:
 All money drawn from any depository qualified under the provisions of this chapter shall be upon a check or warrant issued by the board . . . drawing the same, said check or warrant, both as to number and amount, person to whom drawn and purpose for which drawn shall be recorded in the minutes of the board having ordered the same drawn, and each check or warrant so drawn shall be signed by the chairman of said board, attested by the clerk or secretary of said board with the corporate seal thereof affixed . . . . (Emphasis supplied.)
See also s. 136.06(2), F. S. (1978 Supp.), which authorizes a county board to `establish the form or forms of warrants for the withdrawal, payment, or disbursement of money out of such qualified depository' (Emphasis supplied.) for the purpose of providing for the direct deposit of funds under the circumstances specified therein.
Thus, it is clear that with the enactment of Ch. 136, F. S., the Legislature has required that all county funds be transferred, disbursed, or invested by means of a written check or warrant approved by the board of county commissioners as a unit. The courts have frequently limited county powers to those which are expressly granted in the statutes, or necessarily implied therein, and have declined to assume that county actions are authorized where the statutory authority is not clear. Crandon v. Hazlett,26 So.2d 638 (Fla. 1946); Gessner v. Del-Air Corp., 17 So.2d 522
(Fla. 1944); White v. Crandon, 156 So. 303 (Fla. 1934); State exrel. Burr v. Jacksonville Terminal Co., 71 So. 474 (Fla. 1916). Therefore, in the absence of legislation which empowers the boards of county commissioners to transfer, disburse, or invest county funds by telephonic procedures like those described in your letter, there is no authority for such boards to do so. Accordingly, your questions must be answered in the negative.
Prepared by:
Patricia R. Gleason Assistant Attorney General