BARFIELD, Judge.
In this appeal of a summary judgment favoring a holder for value of a state warrant, we are asked to determine whether state warrants issued prior to the effective date of chapter 91-216, section 1, Laws of Florida, are negotiable instruments, whether the endorsement on the warrant is valid, and whether the holder is entitled to prejudgment interest on the amount of the warrant. We answer all three questions in the affirmative.
There is no dispute here that Family Bank of Hallandale is a holder of the warrant for value in the face amount of the warrant and had no actual notice of any of the state’s defenses to payment. The argument of the state that the endorsement on the warrant by the payee was improper has no merit. See Section 673.401(2), Florida Statutes (1987).
The trial court’s ruling that a prevailing party against the state in an action on a state warrant is entitled to prejudgment interest is correct. Broward County v. Finlayson, 555 So.2d 1211 (Fla.1990); Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); Department of Health and Rehab. Services v. Boyd, 525 So.2d 432 (Fla. 1st DCA 1988).
The holding of the trial court that the state warrant is a negotiable instrument is also correct, although prior to adoption of the Uniform Commercial Code in Florida, warrants issued by sovereign governmental entities such as the state, counties, school boards and, in some instances, municipalities were non-negotiable. Such non-negotiability was grounded in public policy. Town of Bithlo v. Bank of Commerce, 92 Fla. 975, 110 So. 837 (Fla.1926); Marshall v. State ex rel. Sartain, 88 Fla. 329, 102 So. 650 (Fla.1924).
The enactment of chapter 65-254, Laws of Florida, however, brought state warrants squarely into the class of commercial paper unless the warrants clearly indicated on their face that they were not negotiable. The legislature turned away from a historic public policy of non-negotiability, announced through court decisions, and declared the policy of this state to be that government entities may issue negotiable paper that will move freely in commerce. The legislature preserved its role as conservator of state tax dollars (and the political subdivisions may do likewise) by continuing and expanding the statutory prerequisites to issuance of warrants.
Commentaries on the Uniform Commercial Code and Florida Code are found following sections 673.104 and 673.105 in Florida Statutes Annotated (1966). The point of those commentaries is that government warrants should be free to flow in commerce, and the government may restrict that flow in a particular instance if it wishes to preserve its defenses. See also, 64 Am.Jur.2d Public Securities and Obligations § 23 (1972) (The Uniform Commercial Code “permits ... municipal warrants to be negotiable commercial paper if they are in proper form.”). The traditional forms of limitation are to forthrightly print on the face of the document that it is “Not Negotiable.” The government may also forego the use of the words “pay to the order of” or “pay to bearer.”
One must question the motivation of the state when it issues a warrant “pay to the order of,” encodes all the statutorily mandated indicia of compliance with state appropriation and funding laws, turns the warrant loose in commerce and then denies negotiability. The warrant in this case for all purposes except the state’s asserted *583 public policy conforms to the definition of a negotiable instrument in section 673.104(1), Florida Statutes (1965). The summary judgment is therefore AFFIRMED.
WOLF, J., concurs.
WENTWORTH, Senior Judge, dissents with written opinion.