PER CURIAM.
Procedo, a German factoring corporation, appeals from an order dismissing its complaint on the basis of a contractual forum selection clause. For the following reasons, we reverse.
Procedo purchased from Con-Trade, another German corporation, the accounts receivable of two Florida corporations — Juli-And and J.C.P. The contract between Pro-cedo and Con-Trade, entered into in Germany, had a forum selection clause: all disputes relating to the factoring agreement were to be resolved in Germany. Likewise, the purchase and sale agreement between Con-Trade and the two Florida corporations had a forum selection clause in which those parties chose to resolve their disputes in Germany.
However, when Procedo purchased the Florida companies’ accounts receivable, that transaction did not reflect any forum selection clause. Instead, the Florida companies executed and delivered, in Florida, a series of bills of exchange that required the companies to pay, to the order of Procedo, sums certain on dates certain. The companies did not pay, and Procedo sued in Dade Circuit Court. The suit was brought on the bills of exchange, which are negotiable instruments.[1]
The Florida corporations moved to dismiss on the basis of the forum selection clauses that designated Germany as the forum for dispute resolution. The trial court dismissed the action, and in doing so, erred.
Procedo and Con-Trade agreed to resolve their disputes in Germany; Con-Trade and the Florida corporations agreed to resolve their disputes in Germany. However, the parties now in litigation in Florida did not agree to resolve any disputes between themselves in any particular forum. Pursuant to section 673.3101(2)(c), Florida Statutes, Pro-cedo, the obligee on the bills of exchange, could sue either on the underlying obligation, or the instruments themselves. Procedo clearly sued on the instruments, and was not bound by a forum selection clause that was not found in those instruments.
Reversed and remanded for further proceedings consistent with this opinion.

. See § 673. 1041, Fla. Stat. (1995); Marshall v. State ex rel. Sartain, 88 Fla. 329, 102 So. 650, 651 (1924) ("Bonds, like bank notes, bills of exchange, and other negotiable instruments, as a rule possess all the attributes of commercial paper or negotiability, and when so clothed are negotiable.”).